**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. 4:09CR1 |
| v. | § | |
| | § | |
| CHRISTOPHER MICHAEL ALLEN | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release.

After the District Court referred the matter to this Court for a report and recommendation, the Court

conducted a hearing on February 17, 2010 to determine whether the Defendant violated his

supervised release. The Defendant was represented by Clint Broden. The Government was

represented by Shamoil Shipchandler.

On May 24, 2004, the Defendant was sentenced by the Honorable Robert Junell, United

States District Judge, to 46 months imprisonment followed by a 8-year term of supervised release

for the offense of possession with intent to distribute 500 grams or more of cocaine within 1,000 feet

of a school and playground, Count 3 and 46 months imprisonment followed by a 6-year term of

supervised release for the offense of possession with intent to distribute a quantity of

methylendedioxymethamphetamine (Ecstasy), Count 4, to be served concurrently. Defendant began

his term of supervision on December 21, 2007. This case was transferred to this district and assigned

1

to the Honorable Marcia A. Crone on January 2, 2009.

On January 25, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 2). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (5) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

The petition alleges that Defendant committed the following violations: (1) as previously reported to the Court, Defendant was arrested by the Plano Police Department on October 17, 2008, for the offense of manufacture/delivery of a controlled substance, over 400 grams; he was indicted for this offense of January 15, 2009, in Collin County District Court, and on December 4, 2009, Defendant signed a plea agreement wherein he agreed to enter a plea of guilty to the aforementioned offense; (2) at the time of Defendant's arrest on October 17, 2008, he was accompanied in the vehicle by Rani Robbins, who was arrested on traffic offenses; and (3) Defendant failed to notify the probation officer within seventy-two hours of his arrest.

At the hearing, Defendant entered a plea of true to the alleged violations. The Court finds Defendant violated the terms of his supervised release and that Defendant's supervised release

should be revoked.

At the hearing, Defendant's counsel offered argument regarding the proposed sentencing range. Defendant's counsel requested that Defendant be sentenced to 38 months to run concurrently with his state sentence. The Court notes that the petition filed with the Court alleges that Defendant's plea agreement in state court indicates that his state sentence should run concurrently with any federal revocation sentence to be imposed. However, no argument or evidence regarding this plea agreement was offered at the revocation hearing, nor did Defendant offer any legal authorities to show that such a plea agreement must be enforced here. Therefore, the Court declines to recommend what Defendant's counsel has proposed.

Defendant has waived his right to allocute before the district judge, but reserved his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 18 months, served consecutively to his state sentence, with no supervised release to follow.

**SIGNED this 18th day of February, 2010.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE